UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LUIS CEBALLOS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 24-13057-BEM |
| COMMISSIONER OF MASSACHUSETTS UNEMPLOYMENT OFFICE, | ) ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

**MURPHY, J.**

This *pro se* action, brought by Plaintiff Luis Ceballos, appears to arise out of the denial of Massachusetts unemployment benefits. For the reasons set forth below, Defendant's motion to dismiss the complaint for lack of jurisdiction will be GRANTED.

**I.      Factual and Procedural Background**

On December 6, 2024, Plaintiff filed a complaint against the "commissioner" of the Massachusetts unemployment office. Dkt. 1 ("Compl.").[1] The complaint's statement of claim alleges that "[t]he defendant discrimin[a]ted [a]gainst the [plaintiff] because of the race . . . does not apply equal standard and pr[ac]tices about minority such as the [plaintiff] and discrim[ina]ted based on the race[], apply different stand[a]rd of the service and the quality of the service because

---

[1] The complaint names as Defendant the "commission[e]r of the M[]assachusetts department of unemployme[n]t" (Compl. at 1) and/or the "commissioner of M[A] unemployme[n]t office" (*id.* at 2). Here, the Court will construe the complaint as asserting a claim against the Massachusetts Department of Unemployment Assistance ("DUA"), and/or against the Director of the DUA in their official capacity. As Defendant correctly notes, the allegations of the complaint "focus exclusively on DUA's unemployment decision and fail to allege any personal involvement by the Director in any alleged discrimination." Dkt. 10 at 5 n.4.

of the discrim[in]ation ag[a]inst the [plaintiff] caused the [plaintiff] fina[ncial] loss and em[o]tional distress." *Id.* at 4. According to the complaint, the basis for jurisdiction is "[d]iscrimination violation of the federal law of discriminat[ion] based on the race[], deny the benefits discrimination in creation of double standard agains[t] the minority applicant." *Id.* at 3. Plaintiff demands a jury trial and seeks only an award of damages as relief. *Id.* at 4.

On March 13, 2025, the Director of the Massachusetts Department of Unemployment Assistance ("DUA") filed a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff did not oppose the motion to dismiss.

As set forth below, the Court concludes that Eleventh Amendment sovereign immunity bars Plaintiff's claim. Accordingly, the Court need not address Defendant's second asserted ground for dismissal of the complaint, *i.e.*, dismissal for failure to state a claim.

## II.    Standard of Review

"When a defendant moves to dismiss for lack of federal subject matter jurisdiction, the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quotation marks and citation omitted). "If the party seeking to invoke federal jurisdiction 'fails to demonstrate a basis for jurisdiction,' the motion to dismiss must be granted." *Collins v. Bos. Pub. Health Comm'n*, 2022 WL 425569, at *2 (D. Mass. Feb. 11, 2022) (quoting *Johansen*, 506 F.3d at 68). "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

"Where, as here, a motion to dismiss is filed against a *pro se* litigant, any document filed by the *pro se* party is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully

2

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Mayanja v. Wellpath*, 682 F. Supp. 3d 101, 105 (D. Mass. 2023) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). "However, while *pro se* complaints are 'accorded an extra degree of solicitude,' even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Harper v. Melendez*, 2019 WL 6307201, at *2 (D. Mass. Nov. 22, 2019) (quoting *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009)).

### III.    Analysis

Although the complaint does not specify any statutory or constitutional provision pursuant to which the action has been brought, liberally construed, the complaint appears to assert a claim against Defendant under 42 U.S.C. § 1983. "Section 1983 creates a private right of action for redressing abridgments or deprivations of federally assured rights." *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005). Under section 1983, "an aggrieved individual may sue persons who, acting under color of state law, abridge rights, immunities, or privileges created by the Constitution or laws of the United States." *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). However, as set forth below, "[i]t is settled beyond peradventure . . . that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." *Id.*

#### A.    Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The amendment has been construed to bar all suits against a state for damages

3

in the federal courts, regardless of the citizenship of the plaintiff." *Cline v. Burke*, 682 F. Supp. 3d 125, 131 (D. Mass. 2023) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)). "A suit against a state official in his or her official capacity is considered a suit against the state." *Id.* (citing *Hafer v. Melo*, 502 U.S. 21, 23 (1991)).

"Congress has not abrogated the Commonwealth's Eleventh Amendment immunity for civil rights claims brought under 42 U.S.C. § 1983, nor has the Commonwealth waived its immunity." *Collins v. Bos. Pub. Health Comm'n*, 2022 WL 425569, at *4 (D. Mass. Feb. 11, 2022) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)).

Accordingly, whether the Court construes the complaint as being brought against the Director of the DUA in their official capacity[2] or against the DUA itself, the Court's conclusion remains the same: Eleventh Amendment immunity bars Plaintiff's claim for damages. *See Johnson*, 943 F.2d at 108 ("[N]either a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action."); *see also Hinneh-Bediako v. Dep't of Unemployment Ins.*, 2023 WL 2868679, at *1 (D. Mass. Apr. 10, 2023) (dismissing action against the DUA for lack of jurisdiction, reasoning that "the Court cannot discern any claim for relief against the DUA for which the Commonwealth of Massachusetts has waived its immunity or for which Congress has overridden the state's immunity"); *Tavares v. Massachusetts Dep't of Unemployment Assistance*, 2022 WL 1028942, at *1 (D. Mass. Apr. 6, 2022) (same).[3]

---

[2] As previously noted, the complaint contains no allegations against the Director of the DUA in their individual capacity.

[3] The Court further observes that "[u]nder M.G.L. ch. 151A, § 42, a person seeking judicial review of an administrative decision denying unemployment compensation must file a civil action in a *state* district court." *Tavares*, 2022 WL 1028942, at *1 (emphasis in original). "In enacting this statute, the legislature of the Commonwealth of Massachusetts gave state district courts, not federal district courts, jurisdiction to review [DUA] decisions." *Id.*

## IV. <u>Conclusion</u>

For the foregoing reasons, this action is DISMISSED without prejudice for lack of jurisdiction.

**So Ordered.**

                                                  /s/ Brian E. Murphy  
                                                  Brian E. Murphy  
Dated: March 31, 2025                  Judge, United States District Court