UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS CEBALLOS,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF MASSACHUSETTS UNEMPLOYMENT OFFICE,<br><br>    Defendant. | Civil Action No.<br>24-13057-BEM |

## ORDER

**MURPHY, J.**                                                                                               September 29, 2025

    This *pro se* action, brought by Plaintiff Luis Ceballos, appears to arise out of the denial of Massachusetts unemployment benefits. On March 31, 2025, the Court dismissed this action without prejudice for lack of jurisdiction, finding that any claim against the Commonwealth's Department of Unemployment Assistance (or its Director acting in an official capacity) was barred by the Eleventh Amendment immunity of the Commonwealth. Dkt. 11. Plaintiff timely filed a notice of appeal. Dkt. 13.

    Now before the Court is Plaintiff's Affidavit Accompanying Motion for Permission to Appeal *in Forma Pauperis,* Dkt. 17, which the Court construes as a motion to appeal *in forma pauperis*. The Court DENIES the motion.

    Although it appears that Plaintiff is financially eligible for a waiver of the appeal fee, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(1)(3). Regardless of any subjective good faith on the part of an appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S.

438, 445 (1962).  An issue is frivolous if "no reasonable person could suppose [it] to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Here, Plaintiff's appeal is without any merit because the Eleventh Amendment immunity of the Commonwealth clearly bars this claim.  Because of the sovereign immunity of the Commonwealth, this Court does not have jurisdiction to adjudicate a claim against the state unless the Commonwealth has waived, or Congress has abrogated, that immunity.  Neither circumstance exists here.

Accordingly, the motion to appeal *in forma pauperis*, Dkt. 17, is DENIED because the appeal is not taken in good faith.  If Plaintiff wishes to pursue *in forma pauperis* status on appeal, he must file a motion to appeal *in forma pauperis* with the First Circuit within 30 days of the date of this order.  *See* Fed. R. Civ. P. 24(a)(5).

IT IS SO ORDERED.

    /s/ Brian E. Murphy
United States District Judge

Dated:  September 29, 2025